UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHEZAD AMER,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES,** *et al.***,**<br><br>　　　　**Defendants.** | Civ. No. 2:13-cv-01955 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　　　Plaintiff Shezad Amer brings this action against United States Citizenship & Immigration Services ("USCIS") and former USCIS Director Alejandro Mayorkas ("Defendants"). Amer challenges a Board of Immigration Appeals decision that upheld the denial of his Form N-400 naturalization application. This matter comes before the Court on Defendants' motion for summary judgment and Amer's cross-motion for summary judgment. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED** and Amer's motion for summary judgment is **DENIED**.

## I.　　BACKGROUND

　　Amer, a native and citizen of Pakistan, became a lawful permanent resident of the United States on April 25, 2006. Defendants' Statement of Facts ("SOF") ¶ 1, ECF No. 13-2. On June 12, 2009, Amer submitted an application for naturalization to USCIS, which USCIS denied after he failed to appear for fingerprinting. SOF ¶¶ 2-3.

　　Subsequently, Amer was charged with several crimes for his alleged acts of Medicaid fraud. SOF ¶ 8. On July 15, 2010, Amer appeared with his criminal defense attorney, Patrick Parrotta, before the Honorable Alan J. Meyer in the Criminal Court of New York, Richmond County, in connection with those charges. SOF ¶ 9. At the hearing, Parrotta represented that Amer was willing to plead guilty to Attempted Offering a False Instrument in the Second Degree (New York Public Law Sections 110 and 175.30) in exchange for a conditional discharge and $28,000 in restitution, which Amer had already paid. SOF ¶ 10. In response to the court's questions, Amer affirmed that he

1

spoke and understood English, that he had enough time to speak with his attorney and was "[a]bsolutely" satisfied with his counsel's representation, that he was not under the influence of alcohol or drugs, and that he was physically and mentally able to proceed. SOF ¶ 11. The court then summarized the offense, and Amer plead guilty. SOF ¶¶ 12-13. The court next questioned Amer to ensure that his plea was knowing and voluntary. SOF ¶ 14. Amer affirmed his understanding that, by pleading guilty, he was giving up several of his rights. SOF ¶ 14. Amer also confirmed he understood that his plea could result in mandatory deportation. SOF ¶ 16. Amer then confirmed that he still wished to plead guilty. SOF ¶ 17. The court accepted Amer's guilty plea and imposed the requested sentence. SOF ¶ 18.

In early August 2011, Amer submitted a second application for naturalization to USCIS. SOF ¶ 21. In his application, he stated that he had been arrested, charged with, and convicted of "misrepresentation of Medicaid eligibility." SOF ¶ 22. On April 11, 2012, USCIS denied Amer's application for naturalization. SOF ¶ 28. USCIS found that his conviction for Attempted Offering of a False Instrument in the Second Degree was an aggravated felony, and so that he was permanently barred from naturalization.

On May 9, 2012, Amer again appeared with Mr. Parrotta before Judge Meyer in Richmond County Criminal Court. SOF ¶ 31. Mr. Parrotta asked the court to vacate Amer's July 15, 2010 plea and sentence and instead allow him to plead guilty to Attempted Petit Larceny (New York Public Law Sections 110 and 155.25) in exchange for an unconditional discharge. SOF ¶ 32. The court again asked Amer a series of questions, and he confirmed that he was satisfied with his attorney's representation, that he was not under the influence of alcohol or drugs, and that he was physically and mentally able to proceed. SOF ¶ 34. Amer then admitted that he stole Medicaid benefits from New York State by filing false documents and receiving benefits to which he was not entitled. SOF ¶ 35. The court warned Amer that if he were denied citizenship due to his plea, the court would not accept that as a basis to withdraw it. SOF ¶ 36. Amer acknowledged that he understood, and the court accepted his plea to Attempted Petit Larceny and imposed a sentence of unconditional discharge with restitution previously paid. SOF ¶ 37.

On May 10, 2012, one day after his appearance in Richmond County Criminal Court, Amer filed a timely appeal of USCIS's April 11, 2012 decision. SOF ¶ 38. With his appeal, he submitted a certificate of disposition showing that, on May 9, 2012, he pleaded guilty to Attempted Petit Larceny under the same docket number as his original conviction for Attempted Offering of a False Instrument in the Second Degree. SOF ¶ 39. USCIS interviewed him in connection with his request for a rehearing and requested certain documents related to the vacatur of his original appeal, which he provided. SOF ¶¶ 40-42. On November 29, 2012, USCIS affirmed the denial of Amer's application, again concluding that his original conviction was an aggravated felony that barred him from naturalization. SOF ¶ 44. USCIS noted that Amer had withdrawn his original plea

and instead pleaded guilty to Attempted Petit Larceny. SOF ¶ 45. However, it found that the original conviction still qualified as an aggravated felony, because Amer failed to show that his plea was vacated for "reasons related to the merits of the underlying criminal proceedings." SOF ¶ 45. On March 28, 2013, Amer filed an appeal with this Court.

## II.     JURISDICTION AND STANDARD OF REVIEW

District courts have jurisdiction to review the denial of an application for naturalization pursuant to the Immigration and Nationality Act (the "INA"). 8 U.S.C. § 1421(c); *Gonzalez v. Sec'y of Dept. of Homeland Sec.*, 678 F.3d 254, 257-58 (3d Cir. 2012). The denial of a naturalization application is reviewed *de novo*. 8 U.S.C. § 1421; *Gonzalez*, 678 F.3d at 257-58. The applicant bears the burden of establishing "by a preponderance of the evidence that he or she meets all of the requirements for naturalization." 8 C.F.R. § 316.2(b); *Berenyi v. District Director, Immigration and Naturalization Serv.*, 385 U.S. 630, 636-37 (1967)

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable trier of fact could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

## III.    DISCUSSION

Among the requirements for naturalization is that an applicant possess "good moral character." 8 U.S.C. § 1427(a); 8 C.F.R. §§ 316.2(a)(7), 316.10. The INA bars anyone who has been convicted of an aggravated felony from establishing the good moral character necessary to obtain citizenship. 8 U.S.C. § 1101(f)(8). Amer does not dispute that the crime to which he originally pled constitutes an aggravated felony. Rather, he contends that his original conviction was vacated due to his defense counsel's ineffective assistance and thus no longer bars him from naturalization.

For immigration purposes, vacated convictions are broken down into two categories: those vacated based on the merits of the underlying proceedings and those vacated because of post-conviction events. *Pinho v. Gonzales*, 432 F.3d 193, 199 (3d Cir. 2005) (citing *In re Pickering*, 23 I. & N. Dec. 621, 624 (B.I.A. 2003). If a court vacated the conviction based on a procedural or substantive defect in the underlying

criminal proceedings, the respondent no longer has a "conviction" under the INA.  *Id.*  Alternatively, if a court vacated the conviction for reasons unrelated to the merits of the underlying criminal proceedings – such as rehabilitation or immigration hardships – the respondent remains "convicted" for immigration purposes.  *Id.*

The Third Circuit uses the following test to determine why a criminal court vacated a conviction:

> The [reviewing court] must look first to the order itself.  If the order explains the [criminal] court's reasons for vacating the conviction, the [reviewing court]'s inquiry must end there. If the order does not give a clear statement of reasons, the [reviewing court] may look to the record before the [criminal] court when the order was issued. No other evidence of reasons may be considered.

*Id.* at 215.  An applicant for naturalization bears the burden of showing that his conviction was vacated for reasons related to the merits of the underlying criminal proceedings.  *Berenyi v. Dist. Dir., Immigration & Naturalization Serv.*, 385 U.S. 630, 637 (1967); *Abulkhair v. Bush*, 413 F. App'x 502, 508 (3d Cir. 2011).  Thus, all doubts should be resolved in favor of the United States and against the applicant. *Berenyi*, 385 U.S. at 637.

Here, the criminal court never issued an order or explained on the record why it allowed Amer to withdraw his plea.  It also never expressed any disapproval of counsel's representation.  To the contrary, the criminal court allowed defense counsel to continue to represent Amer during the second plea proceeding.  And while defense counsel attested that the application "was done on an oral application as permitted under [New York] Criminal Procedure Law § 440," there are a number of justifications for which a court may vacate a sentence under that rule.  *See* Declaration of Randi C. Borgen Ex. K at US0064, ECF No. 13-7.

In support of his argument that the criminal court vacated his plea for ineffective assistance, Amer cites to the criminal court's warning about immigration consequences during the second plea proceeding.  However, this routine warning is far from a clear explanation for the criminal court's actions.  Amer also points to defense counsel's statement to him that "we can get you [a] better deal from the original charges" as evidence that defense counsel was ineffective.  As this is a statement from Amer's deposition, it is not part of the record before the criminal court and cannot be considered. *See Pinho*, 432 F.3d at 215.  Further, even if this Court could consider it, nothing in defense counsel's statement suggests that he was acknowledging ineffective assistance.  At no time did counsel admit that he failed to advise Amer of his options or that he otherwise acted inappropriately.  Nor is there any finding by the criminal court – or any evidence anywhere in the record – that indicates that the criminal court vacated the conviction because of counsel's unconstitutional conduct.

As this is an application for naturalization, Amer bears the burden of proof, and all doubts are resolved against him.  *See Berenyi*, 385 U.S. at 637.  Given this and the lack of any evidence showing that his original plea was vacated for reasons related to the merits of his criminal proceedings, Amer has failed to meet his burden.  And having failed to demonstrate that his conviction no longer qualifies as an aggravated felony, Amer is unable to prove that he has the good moral character necessary to obtain citizenship.  This Court will thus grant Defendants' summary judgment motion, deny Amer's cross-motion, and dismiss Amer's petition.

## IV. CONCLUSION

For the above reasons, Defendant's motion for summary judgment is **GRANTED**, and Amer's cross-motion for summary judgment is **DENIED**.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 20, 2014**